# Robbins Geller Rudman & Dowd LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Michael Capeci
MCapeci@rgrdlaw.com

December 14, 2020

VIA ECF

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 17C
New York, NY 10007-1312

## MEMO ENDORSED

Re: *Weil, Gotshal & Manges LLP v. Chabot, et al.*,
<u>Civil Action No. 1:20-mc-00736 (S.D.N.Y.)</u>

Letter Motion to Transfer to the United States District Court
for the Middle District of Pennsylvania

Dear Judge Swain:

On behalf of Class Representative Lead Plaintiffs Douglas S. Chabot and Corey M. Dayton ("Lead Plaintiffs"), we hereby file this Letter-Motion requesting a transfer of the above-captioned matter (the "Motion to Quash") to the United States District Court for the Middle District of Pennsylvania in the action captioned *Chabot, et al. v. Walgreens Boots Alliance, Inc., et al.*, No. 1:18-cv-02118-JEJ-KM (the "Underlying Action"). The Underlying Action is in the midst of discovery, a trial date is set, and the Middle District of Pennsylvania has issued a lengthy substantive ruling adjudicating the same privilege and waiver issues, as to the same parties, raised by the Motion to Quash.

In sum, all parties "consent" to the relief requested herein and Federal Rule of Civil Procedure ("Rule") 45(f) is satisfied.

**Statement of Compliance with Individual Practice Rule (A)(1)(b).** Individual Practice Rule (A)(1)(b) states, "[p]rior to requesting judicial action, the requesting counsel must consult with all other parties in an effort to obtain their consent to the request." The party filing the Motion to Quash, Petitioner Weil, Gotshal & Manges LLP ("Weil"), has confirmed to this Court that it "would consent" to the relief requested herein, "if the Court deems such transfer appropriate and warranted." *See* ECF No. 2 at 1 n.1. In the Middle District of Pennsylvania, Weil represented in a filing that "Weil has consented to having the matter transferred to this Court pursuant to Rule 45(f) if the compliance court elects to do so." *See* Underlying Action, ECF No. 158 at 1.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Laura Taylor Swain
December 14, 2020
Page 2

On December 11, 2020, Plaintiffs provided to Weil a Stipulation and [Proposed] Order to Transfer, attached hereto as Exhibit A. Weil responded the following day, writing: "We do not think that a stipulation is consistent with Rule 45. *We already told the Court that Defendants consent to transfer, if the Court elects to do so, as set forth in our Motion. Now it is up to the court to decide what to do*." Thus, under Individual Practice Rule (A)(1)(b), all parties "consent" to the relief requested herein.

**Discussion of the Substantive Issue.** Rule 45(f) provides that "when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents *or* if the court finds exceptional circumstances." *Id.* (emphasis added). Here, the "person subject to the subpoena," Weil, has in fact consented to the transfer. *Id.* As a result, Rule 45(f) is satisfied and the Court may transfer the Motion to Quash.

In addition, where discovery in the Underlying Action is well underway and a trial date is set, the "interests of judicial economy … weigh in favor of transfer" back to the issuing court. *SBA Commc'ns Corp. v. Fractus, S.A.*, 2019 U.S. Dist. LEXIS 172370, at *4-*5 (S.D.N.Y. Oct. 3, 2019). This Court routinely grants Rule 45(f) motions to transfer in these circumstances. *See, e.g., id.* at *5 ("the Court finds that the Eastern District of Texas is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action"); *Google LLC v. Fortress Inv. Grp. LLC*, 2020 U.S. Dist. LEXIS 46993, at *3 (S.D.N.Y. Mar. 17, 2020) ("Given Judge Gilstrap's management of the 15 underlying cases and the fact that that court has already set out a discovery schedule in many of the underlying actions, this Court grants Respondents' motion to transfer this miscellaneous action to the Eastern District of Texas.").

Indeed, the advisory committee notes to the 2013 amendment of Rule 45(f) state that even if the subject of the subpoena does not consent (which is not an impediment here), "transfer may be warranted 'in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *See also Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, 2016 U.S. Dist. LEXIS 107769, at *12 (W.D.N.Y. Aug. 15, 2016) (same; granting transfer to underlying court over objection of responding party). Here, the Middle District of Pennsylvania has adjudicated substantially similar privilege issues as presented in the Motion to Quash in the Underlying Action. *See Chabot v. Walgreens Boots All., Inc.*, 2020 U.S. Dist. LEXIS 107547 (M.D. Pa. June 11, 2020) (addressing waiver of attorney-client privilege and a variety of other privilege issues addressed by the Motion to Quash).

**Robbins Geller Rudman & Dowd LLP**

The Honorable Laura Taylor Swain
December 14, 2020
Page 3

      Lead Plaintiffs therefore respectfully request that the Court grant this Letter Motion to Transfer and instruct the Clerk of the Court for this District to transfer this proceeding, including all filed documents, to the Middle District of Pennsylvania for adjudication in the Underlying Action.

      Respectfully submitted,

      */s/ Michael G. Capeci*

      MICHAEL G. CAPECI

Enclosure

In light of the movant's consent to the transfer application and the status of the Underlying Action, the foregoing request is granted and the Clerk of Court is respectfully directed to transfer this proceeding, including all filed documents, to the United States District Court for the Middle District of Pennsylvania for adjudication in the Underlying Action.  DE#9 resolved.
SO ORDERED.
12/15/2020
/s/ Laura Taylor Swain, USDJ